UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MAXWELL M. HODGE, III** ] | |
|     **Plaintiff,** ] | |
| ] | |
| **v.** ] | **No. 3:16-2470** |
| ] | **Judge Trauger** |
| **CORRECTIONS CORPORATION OF** ] | |
| **AMERICA, et al.** ] | |
|     **Defendants.** ] | |

# O R D E R

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 2).

Plaintiff is an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee. It appears from his application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

Plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff's present place of confinement is operated by Corrections Corporation of America. He was transferred there from the South Central Correctional Center (SCCC), another prison being operated by Corrections Corporation of America.

While at SCCC, the plaintiff alleges that he was beaten by guards. He filed a lawsuit and grievances complaining about this and claims that the defendants have initiated a policy of retaliation to punish him for exercising his First Amendment right to seek redress for his grievances. To illustrate, the plaintiff alleges that the defendants have allowed their staff to deny him medical care, to interfere with his receipt of medication, to lock him down for long periods of time without showers or recreation, and to serve him cold and infrequent meals.

A prisoner has a First Amendment right to file grievances against prison officials. Smith v. Campbell, 250 F.3d 1032, 1037 (6th Cir. 2001). As a consequence, any adverse action taken against a prisoner in retaliation for the exercise of that right violates the Constitution. Thaddeus X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

Because retaliatory conduct can be inferred from defendants' alleged actions, the plaintiff has stated a colorable claim for relief. 28 U.S.C. § 1915A. Accordingly, the Clerk is instructed to

2

send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant named in this action. The plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order.

Upon return of the service packets, PROCESS SHALL ISSUE to the defendants. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is REFERRED to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court. The Magistrate Judge may recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

The Clerk is instructed to send a copy of this order to the Warden of the Trousdale Turner Correctional Center to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

Aleta A. Trauger
United States District Judge