IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MAXWELL M. HODGE, III              )
                                    )
    v.                              )    NO. 3:16-2470
                                    )
CORRECTIONS CORPORATION OF          )
AMERICA, et al.                     )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered September 15, 2016 (Docket Entry No. 3), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. For the following reasons, the undersigned Magistrate Judge respectfully RECOMMENDS that Plaintiff's motions for a preliminary injunction (Docket Entry Nos. 46 and 47) be DENIED.[1]

Maxwell M. Hodge, III ("Plaintiff") is an inmate confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. He sues Defendants under 42 U.S.C. § 1983 alleging that his constitutional rights are being violated at the TTCC. Specifically, he alleges that he should not be housed at the TTCC, that TTCC staff are retaliating against him because of prison grievances that he files, that medical staff have either not given him his prescribed medications or

---

[1] Plaintiff filed an additional motion for injunctive relief on January 12, 2017 (Docket No. 56), for which a report and recommendation will be made as expeditiously as the Magistrate Judge's workload allows.

given the medications to him in an untimely matter, that he has been wrongly housed in "lock down," and that he has endured poor living conditions. *See* Complaint (Docket Entry No. 1) at 6-8. The five Defendants have answered the complaint and a scheduling order has been entered.

Presently pending are two motions filed by Plaintiff in which he requests preliminary injunctive relief related to his confinement at the TTCC. *See* Docket Entry Nos. 46 and 47. He complains that he has gone several days at a time without a shower, that he has not been given cleaning supplies when placed in "lock down," and that a legal letter to him was opened outside of his presence on December 2, 2016. He requests the Court enter orders on his behalf correcting these issues and/or investigating the matters. Defendants have filed responses in opposition to both motions. *See* Docket Entry Nos. 51 and 52. Defendants admit that, for safety measures, inmates are provided showers and cleaning supplies only every third day during periods when a lock down is in place, but they deny that Plaintiff has raised any issues about access to showers or cleaning supplies that warrant a preliminary injunction. *See* Docket Entry No. 52. They further admit that a single piece of legal mail addressed to Plaintiff was opened outside of his presence, but contend that the mail was opened by accident and that the mail was promptly delivered to Plaintiff. *See* Docket Entry No. 51.

Plaintiff's motions should be denied. Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. *See Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566,

573 (6th Cir. 2002). However, Plaintiff has not supported his motions with any type of affirmative evidence and has not met this burden.

Further, Plaintiff has not shown that any factors weigh in favor of his requests for a preliminary injunction. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner*, 228 F.3d. 729, 736 (6th Cir. 2000); *Six Clinics Holding Corp., II v. CAFCOMP Systems*, 119 F.3d 393, 401 (6th Cir. 1997) *Parker v. U.S. Dep't of Agric.* 879 F.2d. 1362, 1367 (6th Cir. 1989); *Mason Cnty Med. Assocs. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). At this stage of the proceedings, Plaintiff's likelihood of success on his claims is no greater than that of Defendants. Plaintiff has also not shown that he will suffer irreparable harm if the injunctive relief he requests is not granted and has not shown that a public interest would be advanced by the requested relief. *See National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. Such reasons have not been shown by Plaintiff.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that Plaintiff's motions for a preliminary injunction (Docket Entry Nos. 46 and 47) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474

U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      Respectfully submitted,

      BARBARA D. HOLMES
      United States Magistrate Judge