IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MAXWELL M. HODGE, III | ) | |
| | ) | |
| v. | ) | NO. 3:16-2470 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered September 15, 2016 (Docket Entry No. 3), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Maxwell M. Hodge, III ("Plaintiff") is an inmate confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. He sues Defendants under 42 U.S.C. § 1983 alleging that his constitutional rights are being violated at the TTCC. Specifically, he alleges that he should not be housed at the TTCC, that TTCC staff are retaliating against him because of prison grievances that he files, that medical staff have either not given him his prescribed medications or given the medications to him in an untimely matter, that he has been wrongly housed in "lock down," and that he has endured poor living conditions. *See* Complaint (Docket Entry No. 1) at 6-8. The five Defendants have answered the complaint and a scheduling order has been entered.

Presently pending is a motion filed by Plaintiff in which he requests preliminary injunctive relief related to his confinement at the TTCC. *See* Docket Entry No. 56.[1] He complains that it was

---

[1] Plaintiff also filed two previous motions for injunctions (Docket Nos. 46 and 47), which were addressed in a separate Report and Recommendation made to the Honorable Aleta A. Trauger, District

extremely cold in the inmate cells at the TTCC from January 5-8, 2017 and that prison officials did nothing to remedy the issue. He requests the Court enter an order directing prison officials to turn on the heat and fix the exhaust vents and an order for a federal liaison to be appointed. Defendants have filed a response in opposition to the motions, essentially disputing the allegations of extreme conditions made by Plaintiff. *See* Docket Entry Nos. 61 and 62.

Plaintiff's motion should be denied. Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. *See Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). However, Plaintiff has not supported his motion with any type of affirmative evidence and has not met this burden.

Further, Plaintiff has not shown that any factors weigh in favor of his requests for a preliminary injunction. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner*, 228 F.3d. 729, 736 (6th Cir. 2000); *Six Clinics Holding Corp., II v. CAFCOMP Systems*, 119 F.3d 393, 401 (6th Cir. 1997) *Parker v. U.S. Dep't of Agric.* 879 F.2d. 1362, 1367 (6th Cir. 1989); *Mason Cnty Med. Assocs. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). At this stage of the proceedings, Plaintiff's likelihood of success on his claims is no greater than that of Defendants.

---

Judge, on January 25, 2017 (Docket No. 59).

Plaintiff has also not shown that he will suffer irreparable harm if the injunctive relief he requests is not granted and has not shown that a public interest would be advanced by the requested relief. *See National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. Although Plaintiff makes complaints about issues that are not insignificant, he simply has not shown extraordinary and urgently compelling reasons justifying the relief he seeks.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's motion for a preliminary injunction (Docket Entry No. 56) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    BARBARA D. HOLMES
    United States Magistrate Judge