IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MAXWELL M. HODGE, III, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:16-cv-02470 |
| | ) Judge Aleta A. Trauger |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) |
| Defendants | ) |

## MEMORANDUM & ORDER

Before the court are plaintiff Maxwell Hodge's Objections (Doc. No. 67) to the magistrate judge's January 25, 2017 Report and Recommendation ("R&R") (Doc. No. 59), recommending that the plaintiff's two motions for preliminary injunctions (Doc. Nos. 46, 47) be denied. For the reasons set forth herein, the court will overrule the Objections and deny the motions.

**I.     Background**

The plaintiff is a state prisoner confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, operated by defendant Corrections Corporation of America ("CCA"). The plaintiff, proceeding *pro se*, filed his original Complaint in this court in September 2016, asserting claims under 42 U.S.C. § 1983 against numerous prison officials based on alleged violations of his constitutional rights. (Doc. No. 1.)

The plaintiff's first motion is titled "Injunction that Defendants Give Showers and Cleaning Supply's [sic]." (Doc. No. 46.) In it, the plaintiff asserts that he has been denied access to adequate showers and cleaning supplies for extended periods of time. He demands an

injunction and the appointment of a federal liaison to oversee TTCC, as well as an investigation into the treatment of inmates at TTCC. (*Id.* at 2.)

The second motion is styled "Motion / Injunction that Defendants Open All Legal Mail in Front of Plaintiff." (Doc. No. 47.) The plaintiff alleges that, on December 2, 2016, one piece of his legal mail had already been opened outside his presence when it was brought to him, in contravention of CCA policy, which provides that all legal mail must be opened in the presence of the inmate to whom it is addressed.

The defendants responded to the motions, generally denying that the plaintiff's allegations, even if true, establish the deprivation of a constitutional right. (Doc. Nos. 51, 52.)

The magistrate judge recommends that the motions be denied on the grounds that (1) the plaintiff has not carried his burden of showing that the circumstances "clearly demand" a preliminary injunction by supporting the motions with affirmative evidence; and (2) the plaintiff has not shown that any of the relevant factors weigh in favor of a preliminary injunction. (Doc. No. 59, at 2–3.) In particular, the magistrate judge concluded that the plaintiff's likelihood of success on the merits is, at this juncture, no greater than the defendants', and the plaintiff has not shown that he will suffer irreparable harm if injunctive relief is not granted or that a public interest would be advanced by granting the requested relief. *See City of Pontiac Retired Employees Ass'v v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (listing factors to be balanced in addressing motion for preliminary injunction). She concluded: "Absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. Such reasons have not been shown by Plaintiff." (*Id.*)

The plaintiff objects to the magistrate judge's recommendation that his motions be denied. (Doc. No. 67.) The defendants did not respond to the Objections.

## II. Standard of Review

The standard of review to be employed by the court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. A district court judge reviews *de novo* the portions of the R&R to which proper objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are sufficiently specific are entitled to a *de novo* review under the statute. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general, because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Where the objections are not sufficiently specific, the court may treat any objections as having been waived. *Accord Daniels v. Colvin*, No. 3:14-CV-546, 2016 WL 792416, at *1 (E.D. Tenn. Feb. 29, 2016) (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)). On review, the district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b) (1); Fed. R. Civ. P. 72(b).

## III. The Plaintiff's Objections

The plaintiff's Objections were timely, but they are not sufficiently specific to warrant *de novo* review. The plaintiff argues only that (1) he will show that the defendants are biased against him; (2) the defendants do not want a federal liaison because they want to keep violating the law and retaliating against the plaintiff, in particular by denying him access to toilet facilities; and (3) the prison facilities are not adequately heated, cooled, or ventilated. In other words, he raises claims other than those asserted in his motions, and he does not address the magistrate judge's conclusions that his motions are not supported by actual evidence and that the plaintiff has not shown that the factors relevant to the granting of injunctive relief weigh in his favor. The

plaintiff's Objections are not sufficiently specific to warrant *de novo* or, indeed, any review.

Moreover, preliminary injunctions are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Here, the magistrate judge correctly noted that the plaintiff has not even addressed the requisite factors, much less shown with affirmative evidence that any of these factors weigh in favor of issuance of a preliminary injunction.

## IV. Conclusion

For the reasons set forth herein, the court **OVERRULES** the Objections (Doc. No. 67) and **DENIES** the motions for injunctive relief (Doc. Nos. 46, 47).

The matter remains referred to the magistrate judge.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge