IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MAXWELL M. HODGE, III )
)
v. ) NO. 3:16-2470
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered September 15, 2016 (Docket Entry No. 3), the Honorable Aleta A. Trauger. U.S. District Judge, referred this *pro se* and *in forma pauperis* prisoner civil rights action to the magistrate judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is Defendants' motion for summary judgment (Docket Entry No. 68), to which Plaintiff has filed a response in opposition. *See* Docket Entry Nos. 79, 84, and 89. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Maxwell M. Hodge, III ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. Pursuant to a contract with the TDOC, the TTCC is operated by CoreCivic, Inc. ("CoreCivic"), a

private business that operates correctional facilities.[1] On September 9, 2016, Plaintiff filed this lawsuit seeking damages and other relief under 42 U.S.C. § 1983 as a remedy for violations of his constitutional rights alleged to have been committed at the TTCC in 2016. *See* Complaint (Docket Entry No. 1). Named as Defendants are CoreCivic/CCA, TTCC Warden Blair Leibach, TTCC Assistant Wardens Jerry Wardlow and Yolanda Pittman, and TTCC Unit Manager Shequilla Payne. Each of the individual Defendants is sued in his or her individual and official capacities. Defendants have answered the complaint, and a scheduling order was entered providing the parties with a period for pretrial activity in the action. *See* Docket Entry Nos. 40 and 42.

Plaintiff was transferred to the TTCC from the Northeast Correctional Complex in February 2016. He contends that he should not be housed at the TTCC because he was previously assaulted by guards at the South Central Correctional Center, another TDOC prison facility operated by CoreCivic/CCA. Complaint at 6 and 13-14.[2] He believes that a conflict exists because the guards who assaulted him could potentially work at the TTCC and because he was not supposed to be housed at a CoreCivic/CCA facility "ever again." *Id.* Plaintiff alleges that after his requests to be transferred were ignored, he filed grievances about the matter and was thereafter subjected to retaliation by TTCC staff because of the grievances. *Id.* The specific acts which he identifies as retaliation are: 1) medical staff either not giving him his prescribed medications for high blood pressure, high cholesterol, and irritable bowel syndrome or giving him the medications in an untimely matter; 2) being threatened with

---

[1] CoreCivic was previously known as Corrections Corporation of America, Inc. ("CCA"). Because the events at issue in this lawsuit occurred prior to the name change, Plaintiff refers to this entity as CCA. For ease of reference, the court shall refer to this Defendant as "CoreCivic/CCA."

[2] Plaintiff filed a prior lawsuit about the alleged assault. *See Hodge v. Todd, et al.*, 1;14-0022. The lawsuit, which involved events occurring in 2013, was dismissed with prejudice on October 22, 2014. *See* Docket Entry Nos. 72 & 73 in *Hodge v. Todd*.

segregation; 3) being denied showers and recreation for "long periods of time" while in lock down; 4) being denied cleaning materials and a broom; and 5) being given several cold meals and going 15 hours or more between meals. *Id*. at 7-8. He also alleges that he has been harassed, had his cell searched, and that grievances have been thrown away. *Id*.

Attached to the Complaint are copies of several grievances filed by Plaintiff at the TTCC: 1) a grievance filed on February 18, 2016, about not receiving medications for two days, *see* Docket Entry No. 1 at 10-12; 2) a grievance filed on March 2, 2016, about not receiving medications on March 1-2, 2016, *id.* at 16-24; 3) a grievance filed on April 12, 2016, about not receiving a set of headphones he had ordered, *id*. at 15 and 25-26; and 4) a grievance filed on July 26, 2016, about being housed at the TTCC and his desire to be transferred. *Id*. at 13-14. The attachments indicate that the first three grievances were processed and denied, but there is no indication of what occurred with respect to the July 26 grievance.

## II. MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment on all claims raised by Plaintiff. They argue that Plaintiff's First Amendment retaliation claim is not supported by the evidence and that no adverse actions were taken against Plaintiff because of his prior lawsuit or because of grievances he filed. Defendants deny that they were aware of Plaintiff's prior lawsuit or any grievance he filed at the SCCC or that they personally denied Plaintiff access to medical treatment or medication or directed anyone to take such action. Defendants further acknowledge that lockdowns do occur at the TTCC and can, if required for security reasons, extend past seven days, but they contend that measures are taken to ensure that both recreation and showers are provided to inmates during lockdowns. Defendants argue that Plaintiff cannot meet the taxing standards required for a claim under the Eighth Amendment and that he has also not shown that he suffered a physical injury that is more than a *de minimis* injury.

3

Finally, Defendant CoreCivic/CCA argues that there is no evidence that any of the alleged actions, even if true, occurred pursuant to an official policy or custom of CoreCivic/CCA and, thus, there is no basis for a claim of liability against it under Section 1983. In support of their motion, Defendants rely upon a Statement of Undisputed Material Facts (Docket Entry No. 74) and the Declarations of Defendant Leibach (Docket Entry No. 70), Defendant Pittman (Docket Entry No. 71), Johanna Veal (Docket Entry No. 72), Defendant Wardlow (Docket Entry No. 73), and the Declaration of Defendant Payne (Docket Entry No. 76).

In response, Plaintiff argues that: 1) Defendants' motion is untimely; 2) Defendants have violated privacy laws by permitting their attorneys to look at his medical records; 3) criminal charges should be brought against Defendants; 4) he has evidence he will present showing that Defendants have committed perjury; 5) Johanna Veal is not a part of this case; and, 6) recent incidents have occurred in which he went more than three days without a shower or cleaning supplies and in which he had to wait two and a half weeks to receive eye drops that had been prescribed for him. *See* Plaintiff's Response (Docket Entry No. 79). Plaintiff also submits his own declaration in which he declares that: 1) he was criminally sentenced to imprisonment within the TDOC, not within a private prison; 2) prison policies were violated in April 2017 when he was locked down for several days without a shower, a cleaning kit, or recreation and was not seen by the medical staff for several days after signing up for sick call, and when food trays sat for as long as two hours before being served to inmates; and 3) Defendants have lied and been cruel to him and Defendant Payne has stated several times that "she don't give a fuck and there is nothing the courts will do to her." *See* Plaintiff's Declaration (Docket Entry No. 84). Finally, Plaintiff contends that: 1) his Declaration is sufficient to defeat the motion for summary judgment; 2) that he has been denied discovery which would show that Defendants have lied on several occasions; 3) Defendant sent him discovery that was untimely; and

4

4) Defendants failed to notify Plaintiff and the court that Defendant Leibach is no longer at the TTCC and failed to file a notice of Defendant Leibach's new address. *See* Plaintiff's Reply (Docket Entry No. 89).

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty.*

*Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

## IV. FINDINGS AND CONCLUSIONS

Although Plaintiff's allegations were sufficient to permit his claims to survive initial review under 28 U.S.C. §§ 1915(e)(2) and to require Defendants to respond, at this stage of the proceedings there is insufficient evidence before the court supporting Plaintiff's claims and requiring a trial. Plaintiff's *pro se* status does not relieve him of the obligation to set forth admissible evidence showing that genuine issues of material fact exist on his claims. *See Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). Although he has responded in opposition to the motion, he has not set forth evidence supporting his claims. Even when viewed in the light most favorable to Plaintiff, the evidence before the court would not permit a reasonable jury to conclude that Plaintiff suffered a violation of his constitutional rights as he has alleged. Any factual disputes that exist do not rise to the level of genuine issues of material fact that require this action to be tried by a jury. Accordingly, summary judgment should be granted to Defendants.

### A. Plaintiff's Arguments Against Defendant's Motion

None of the arguments raised by Plaintiff in his filings in opposition to the motion for summary judgment have merit. As an initial matter, the court notes that it is well settled that a prison inmate has no constitutional right to be confined in any particular correctional institution. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Ward v. Dyke*, 58 F.3d 271 (6th Cir. 1995).

Additionally, Defendants' motion was timely filed under the scheduling order, the requirement that Plaintiff respond to Defendants' Statement of Undisputed Facts is a procedural requirement and not an untimely discovery obligation, and Plaintiff has not been wrongfully denied discovery. *See* Order entered June 7, 2017 (Docket Entry No. 87). Plaintiff placed his medical history at issue by his own allegations, and there is nothing improper about Defendants filing a declaration from a non-party. Because Defendants are represented by counsel who has appeared in this action, there is no obligation on any Defendant to notify the court or Plaintiff of a change of their work status or address.

Merely submitting a declaration is not sufficient to defeat a summary judgment motion, nor are protesting that Defendants have committed perjury, are cruel, or have made objectionable statements. Relevant and probative admissible evidence is required to rebut a properly supported motion for summary judgment. Finally, while it is possible for Plaintiff to argue that evidence of acts committed in April 2017, is somehow relevant, such acts occurred approximately seven months after this lawsuit was filed and evidence of such acts provides little support for claims that are based upon events occurring in 2016.

**B. First Amendment Retaliation Claim**

The First Amendment protects a prisoner's ability to pursue grievances and lawsuits against prison officials. *See Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). As such, a prisoner cannot be retaliated against because he has filed a grievance or a lawsuit. *See Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005); *Smith v. Campbell*, 250 F.3d 1032, 1036-37 (6th Cir. 2001). Because of the unique context of the prison setting, however, some events that are objectionable to the complaining prisoner simply do not rise to a level of harm necessary to implicate constitutional concern. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 395 and 398 (6th Cir. 1999). While an act alleged to be retaliatory need not be

egregious, prisoner inmates "may be required to tolerate more than a average citizen." *Id*. at 398. In order to determine whether his allegations of retaliation rise to the level of a First Amendment claim, Plaintiff must show that: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a prisoner of "ordinary firmness" from continuing to engage in the protected conduct; and 3) there is a causal connection between the first two elements -- that is, the adverse action was motivated at least in part by Plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394. Plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 Fed.App'x. 553, 556, 2003 WL 22976618 (6th Cir. Dec. 8, 2003).

The court finds that the allegations of conduct alleged to be retaliatory by Plaintiff do not rise to the level of adverse actions sufficient to support a retaliation claim. A prison inmate must show more than *de minimis* harm, *id.* at 396, and "routine inconveniences of prison life [ ] do not constitute adverse action." *Reynolds-Bey v. Harris*, 428 Fed.App'x. 493, 503 (6th Cir. 2011). The actions at issue in this case are generally the type of inconvenient and restrictive events that are inherent to incarceration and that fall squarely within the scope of *de minimis* actions. The court also finds that there is a lack of specificity from Plaintiff as to the times and dates of the alleged retaliatory acts, leaving the court to speculate as to actual details of the events at issue.

There is likewise a lack of evidence showing that the individual Defendants were personally responsible for the objectionable events about which Plaintiff complains. For example, Defendants Leibach, Wardlow, and Pittman are all wardens who appear to be sued because of actions taken by staff at the TTCC. However, a defendant cannot be held individually liable under Section 1983 merely because of the defendant's status as supervisor. There must be evidence showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. *Miller v. Calhoun*

*County*, 408 F.3d 803, 817, n.3 (6th Cir. 2005); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). That evidence is lacking in this case.

Finally, the evidence, even when viewed in the light most favorable to Plaintiff, does not support the causation element of a retaliation claim. To avoid summary judgment on the causation element, Plaintiff must present evidence from which a reasonable jury could conclude that his protected conduct was a motivating factor behind the adverse action and that the same action would not have occurred in the absence of the protected activity. *See Thaddeus-X*, 175 F.3d at 399. Plaintiff has not met this burden. The mere fact that Plaintiff engaged in protected activity does not, as a matter of course, cause subsequent occurring acts to be acts taken because of a desire to retaliate against Plaintiff. There must be specific evidence that shows or supports an inference that a retaliatory motive and a causal link exists. Even if Plaintiff was able to show that a Defendant was personally responsible for any of the events at issue, Plaintiff's belief that the objectionable events were the result of a retaliatory motive on the part of a Defendant is merely conclusory and is unsupported by evidence in the record.

## C. Independent Constitutional Claims

To the extent that Plaintiff seeks to pursue a claim that any of the events at issue are themselves independent violations of his constitutional rights, such a claim is unsupported by the evidence before the court. The failure of a prison official to follow an internal prison policy is not sufficient to support a constitutional claim. *See Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 240 (6th Cir. 1992).

The Eighth Amendment is not violated by prison conditions that are harsh, *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), and "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within

the meaning of the Eighth Amendment," *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). A Section 1983 claim premised upon allegations that living conditions violate the Eighth Amendment's prohibition against cruel and unusual punishment must be supported by a showing that the inmate was subjected to severe conditions of confinement which deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, *supra* at 347. This standard is a high threshold and is simply not satisfied in the instant action. None of Plaintiff's allegations evidence conditions that rise to the level of conditions prohibited by the Eighth Amendment.

Plaintiff's complaint about inadequate medical care also fails to evidence a constitutional violation. Plaintiff must show more than a mere disagreement with the manner, or adequacy of the care he was provided at the MDCDF. He must show: 1) that he had an objectively serious medical need, *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); and 2) that the prison official sued had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). *See also Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This is a high standard and is not satisfied by a showing of negligence or even medical malpractice. *Estelle*, 429 U.S. at 105; *Comstock*, 273 F.3d at 702. Plaintiff's complaints about not receiving his medications in a timely manner on a few occasions simply fails to rise to the level of supporting an Eighth Amendment claim. Furthermore, there is no evidence before the court that any of the named Defendants has any personal involvement in Plaintiff's medical care.

**D. Defendants' Alternative Argument for Summary Judgment**

As set out herein, the court finds that Plaintiff's claims warrant dismissal on their merits because there is a lack of evidence in the record that would permit any reasonable jury to find that his constitutional rights were violated by Defendants. This finding is sufficient to warrant summary

judgment in favor of Defendants without the need to address any of the alternative arguments for dismissal raised in Defendants' motion.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that Defendants' motion for summary judgment (Docket Entry No. 68) be GRANTED and that this action be DISMISSED WITH PREJUDICE as to all Defendants and claims.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge